IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

TABET AREE VAUGHN, )
)
) 1:25-CV-00197-MJH
Plaintiff, )
)
vs. )
)
SOCIAL SECURITY ADMINISTRATION, )
)

Defendant,

OPINION

This case had been referred to United States Magistrate Judge Patricia Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On July 7, 2026, Magistrate Judge Dodge issued a Report and Recommendation (ECF No. 19) recommending that Plaintiff's Motion for Summary Judgment (ECF No. 12) be denied., and the Commissioner's decision denying her claim be affirmed.

The parties were informed that written objections to the Report and Recommendation were due by July 21, 2026. Plaintiff timely written objections. (ECF Nos. 20). Following de novo review, Judge Dodge's Report and Recommendation will be adopted, Plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's decision will be affirmed.

I. Background

Because the Court writes mainly for the parties, it will adopt the factual background of the Report and Recommendation (ECF No. 19 at pp 2-4) (internal citations omitted) and recite the same below:

Vaughn received regular outpatient treatment for major depressive disorder both before and throughout the relevant period. She was prescribed several medications to manage her symptoms and her provider consistently noted that she was compliant with her medication regiment. Vaughn frequently reported that her medications were effective and well-tolerated, and she declined to increase the dosage when her provider offered. Her mental status examinations consistently noted that her speech, thought process, associations, judgment, insight, orientation, memory, attention, concentration, language, fund of knowledge, mood, and affect were appropriate and within normal limits throughout her treatment.

Vaughn was represented by counsel when she appeared at the April 29, 2024 hearing before ALJ Grovich. She testified about her education and work history, indicating that she had no past relevant work and lived alone in an apartment. Although Vaughn said that she had difficulty dealing with crowds, she frequently spent time with family and close friends.

Vaughn reported difficulty sleeping due to pain or having to use the restroom and frequently took naps during the day. She estimated that she could only do household chores continuously for five to ten minutes before needing a break. She often asked family for help with laundry and grocery shopping due to limitations in her ability to climb stairs or walk around a store. She also had difficulty holding writing utensils due to cramping caused by carpal tunnel. She estimated that she could stand for five to ten minutes and sit for ten minutes at a time before having to change positions. She also reported spending more than half of the day lying down.

Vocational expert Marisia Hall ("VE Hall") testified at the hearing. (R. 66-69.) The ALJ asked VE Hall to consider the restrictions which were ultimately adopted and included in the residual functional capacity ("RFC"). VE Hall testified that a hypothetical person with Vaughn's

characteristics and the proposed limitations could perform sedentary work as a document preparer, addresser, and telephone clerk.

Among other findings, ALJ Grovich determined that Vaughn had not engaged in substantial gainful activity since February 3, 2022. The ALJ found Vaughn to have the following severe impairments: obesity; fibromyalgia; carpal tunnel syndrome; COPD; obstructive sleep apnea; major depressive disorder; osteoporosis; sarcoidosis; and degenerative joint disease of the knee. (R. 20.)

At step three, the ALJ concluded that Vaughn did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ considered the "Paragraph B Criteria,"5 finding "mild" limitation in the area of understanding, remembering, or applying information, and "moderate" limitations in the areas of interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. He then determined Vaughn had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except no climbing, crawling, or kneeling; no more than occasional stooping, balancing, crouching; frequent reaching, handling, fingering, and feeling; no more than occasional overhead reaching bilaterally; no concentrated exposure to excessive heat, excessive vibration, excessive humidity, or pulmonary irritants such as fumes, odors, dusts, chemicals, and gases; no concentrated exposure to workplace hazards including unprotected machinery and unprotected heights; able to understand, remember, and carry out simple instructions; able to use judgment to make simple work-related decisions; able to tolerate changes in a routine work setting, but cannot perform production rate or pace work, such as assembly line or other work requiring hourly quotas; and no more than frequent interaction with the public, coworkers and supervisors.

ALJ Grovich found Vaughn had no past relevant work. He then concluded that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. Vaughn was therefore found not to be disabled.

II. Discussion

In her report and recommendation, Judge Dodge determined that the ALJ's narrative sufficiently explained how he relied on both record evidence and Ms. Vaughn's own testimony to craft the RFC, and that there was substantial evidence to support the mental limitations in the RFC. Judge Dodge also determined that the ALJ applied the proper legal standard in evaluating Ms. Vaughn's subjective testimony. Ms. Vaughn's objections to Judge Dodge's Report and Recommendation mirror her appeal of the ALJ's determination.

In her first objection to the Report and Recommendation, Ms. Vaughn argues that the R&R erred in finding that there was substantial evidence to support the ALJ's RFC that Ms. Vaughn was able to "tolerate changes in a routine work setting." In particular, Ms. Vaughn contends that such an RFC indicates no true limitation in her ability to adapt.

As to the first objection, the Court finds that Judge Dodge addressed said objection as follows:

> But the language chosen by the ALJ does expressly impose a limitation in that it prevents Vaughn from "perform[ing] production rate or pace work, such as assembly line or other work requiring hourly quotas[.]" (R. 22.) While Vaughn chooses to focus on only the beginning of the clause, when read as a whole, the language clearly restricts her from certain types of work.
>
> ***
>
> [ ]the ALJ [also] explained that he reviewed all of the relevant evidence including longitudinal medical records, psychological treatment records, and Vaughn's subjective description of her limitations. The ALJ relied on this evidence to reach his determination that she could perform sedentary work with additional restrictions to accommodate her mental limitations. Of note, the ALJ's narrative explains that longitudinal records showed she had been experiencing homelessness when she began receiving treatment and that her symptoms had been exacerbated by stressors at that time. Although she continued in outpatient treatment throughout the relevant period, her mental health exams were consistently normal; her medications were effective and well-tolerated; and she was regularly involved with family and friends. Based on this, the ALJ concluded

> that his findings in step two of the analysis could be accommodated by the chosen mental limitations.

(ECF No. 19 at p. 7,9).

In her second objection to the Report and Recommendation, Ms. Vaughn asserts that this Court should reject the finding that the ALJ properly considered Ms. Vaughn's subjective complaints. As to the second objection, Judge Dodge addressed the same as follows:

> ALJ Grovich acknowledges and discusses the reported subjective symptoms throughout his decision and it would therefore be improper to limit the Court's review, as Vaughn requests, to the one paragraph in which he set forth his conclusion.
>
> The ALJ began by discussing Vaughn's subjective complaints relating to both physical and mental impairments. He discussed her reported activities of daily living, ability to manage her finances, and living situation. (R. 23.) He then reviewed the medical evidence, in detail, relating to osteoporosis, obstructive sleep apnea, COPD, sarcoidosis, carpal tunnel, bilateral degenerative knee pain, fibromyalgia, obesity, and major depressive disorder. For each, the ALJ discussed the relevant medical evidence, testing, and any treatment Vaughn either received or declined to receive. In some instances, he also explained which of the additional limitations were incorporated into the RFC to address the relevant impairment. Towards the end of this section, the ALJ circled back to Vaughn's subjective symptoms by concluding:
>
> > After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> (R. 26-27.) Thus, to say that the ALJ "made no comparison of [Vaughn's] testimony to the medical evidence and ultimately failed to provide any rationale as to why her complaints were purportedly unsupported" (ECF No. 13 at 12), is a mischaracterization of the decision.

(ECF No. 19 at pp. 11-12).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and contested portions of the report, *E.E.O.C. v.*

*City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), the Court is satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. The Court finds Judge Dodge's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the Court will adopt the report and recommendation in its entirety as the decision of the court.

A separate order will follow.

DATED this 21st day of September, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge